DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 26. The majority correctly affirms Waits’s conviction. But, because I do not believe the firearms enhancement violated Waits’s Sixth Amendment right to trial by jury — and because I see no need to remand this case — I concur in part and dissent in part.
*1031 ¶ 27. It is well-settled that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”[2] The majority finds that the firearm enhancement was not decided by a jury beyond a reasonable doubt because “none of the jury instructions submitted specifically mention the term firearm (or the like), a critical element of Section 97-37-37.”[3] The majority further finds that Jury Instruction S-7 was insufficient to submit this issue to the jury.[4] I disagree.
¶ 28. Jury Instruction S-7 — the only manslaughter instruction given to the jury — required the jury to find the use of a firearm beyond a reasonable doubt. Specifically, it stated:
[I]f you find from the evidence in this case beyond a reasonable doubt that:
1. The Defendant David Waits;
2. On or about April 9, 2010;
3. In the First Judicial District of Hinds County, Mississippi;
4. Did shoot and take the life of Wai-vous McGee, acting on his actual and bona fide belief that such was necessary to protect himself from great bodily harm or death at the hands of McGee, but that such belief by the Defendant was not a reasonable belief under the circumstance;
then you may find the defendant guilty of the lesser-included offense of manslaughter.[5]
¶ 29. At trial, Waits admitted to shooting McGee with his own gun. And, the medical examiner testified that McGee had received twenty-five individual gunshot wounds. So, based on this evidence, the manslaughter instruction, and the fact that the jury convicted Waits of manslaughter, the jury, by necessity, must have found that Waits used a firearm to cause McGee’s death. While perhaps preferable, I see no requirement that the jury instruction include the word “gun” or “firearm.” I would affirm Waits’s enhanced sentence.
RANDOLPH, P.J., JOINS THIS OPINION.

. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Maj. Op. at 19.

. Id.

. (Emphasis added.)